IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DIANE F. WOOD, )
)
        Plaintiff, )   TC-MD 150444R
)
   v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
        Defendant. )   **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered May 13, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiff appeals Defendant's Notice of Deficiency Assessment dated July 8, 2015, for the 2011 tax year. A trial by telephone was held on December 29, 2015. Eileen D. Sautner (Sautner), Licensed Tax Consultant, appeared and testified on behalf of Plaintiff. Diane F. Wood (Wood) testified on her own behalf. Roy Suarez (Suarez), Tax Auditor for Department of Revenue, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 through 12 were received without objection. Defendant's Exhibits A through C were received without objection.

I. STATEMENT OF FACTS

Wood began her career as a university professor, at George Fox University (GFU) in 1995. She worked at GFU as an assistant professor on a tenure track, and in 2008 was instructed that she must obtain a doctorate degree (PhD) by the end of the year in order to retain her position. Wood testified that she had been working on her PhD since 2000. She was terminated from GFU in 2009 because she failed to receive her PhD, a requirement for tenure employees, by the timeline required by her employer. Her position was not held for her when she was

discharged. Defendant testified that Wood was unemployed and worked only a few hours from 2009 until she began a new job in 2011.

In 2011, Wood began working as an adjunct professor at Western Oregon University (WOU), and taught courses in the spring and fall, as well as working as a substitute teacher on some occasions. Wood testified that she taught two classes at WOU in the spring, one in the fall, and a hybrid class in the summer.[1] Her adjunct professor position at WOU was on a class by class basis and was not a permanent or tenure position. WOU does not require a doctorate for adjunct professors, but does for tenure track positions. Wood testified that she was enrolled in doctoral classes continuously in 2011 at Oregon State University (OSU) and had not completed her studies by the end of that year. Wood explained the difference between an adjunct position and a tenure position, like the one she had at GFU, is that a tenure position requires a certain amount of "service, scholarship, and teaching," and that a PhD was a 'standard' requirement for a tenure position.

Wood deducted on her 2011 tax return a number of expenses as unreimbursed business expenses as follows:

| Expense | Amount Claimed |
|---|---|
| Tuition and Fees | $2,908.00 |
| Conference Expenses | $325.00 |
| Vehicle Mileage | $3,012.00 |
| Vehicle Parking | $140.00 |
| Supplies | $1,296.00 |

---

[1] A hybrid class is a class that meets partially in person on a university campus and partially through virtual interaction online.

| | |
|---|---|
| **Internet and Cable** | $1,231.00 |
| **Telephone** | $1,343.00 |
| **Meals** | $171.00 |
| **Home Office** | $1,417.00 |
| **Proofreading** | $150.00 |
| **Tax Preparation** | $257.00 |
| **TOTAL** | $12,250.00 |

The Department of Revenue audited Plaintiff's 2011 Oregon tax return for her claimed unreimbursed employee business expenses, and although acknowledging that Wood had incurred tuition expenses, they did not allow them as an unreimbursed business expenses. Defendant maintains that the education expenses incurred by Wood were personal because the degree she was seeking was to meet the minimum educational requirements to qualify for a particular position. Defendant also maintained that Wood's itemized expenses relating to supplies, travel, home office, cell phone, and internet service were personal expenses for which she failed to substantiate business use.

Defendant originally denied Plaintiff's 2011 supply expense deduction because there was a lack of substantiation. Plaintiff has subsequently supplied a large number of receipts as proof of those expenses to the court. Plaintiff claimed $1,258.44 in various supplies for education, career search, office supplies, and teaching for the claimed year. Breaking those figures down, the court finds that the supply expenses are $16.99 for tax preparation, $173.31 marked exclusively for teaching supplies, $77.00 marked exclusively for education, $158.85 marked for office supplies, $15.86 marked for career, $0.90 with no label, and $815.53 marked as

multi-purpose expenses. By identifying the purpose for the claimed supply expenses, the court can then determine whether to allow the deduction for each item based on if the expense was personal or business related. Plaintiff also testified at trial that the mileage was calculated based on only her trips from her home to OSU or OSU to work, not from home to work.

## II. ANALYSIS

The issue here is whether Plaintiff's education expenses are deducible as ordinary and necessary business expenses. During the year at issue, Plaintiff had a temporary job teaching higher education and the expenses she claimed were to obtain a PhD, which would have been required for her to obtain a permanent teaching position.

In analyzing Oregon income tax cases the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make "the Oregon personal income tax law identical in effect" to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[2] Second, in cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

A.      *Education Expenses*

For the 2011 tax year, Wood was working as an adjunct professor and going to school for her PhD. She seeks to deduct the cost of her education as a business expense. Defendant denied

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

her deduction because it claimed that the education expenses did not meet the legal qualifications under IRC section 162.

IRC section 162 allows deductions for education expenses as ordinary and necessary business expenses if they are incurred in maintaining current skills or express employer requirements. Even if the expenses meet those qualifications, they may still not be deductible if they are for either entry-level or upward-bound education. Entry-level or minimum education expenses are those costs towards education "to meet the minimum educational requirements for qualification in his employment." Treas Reg 1.162-5(b)(2). That type of education expense is not a business expense because the taxpayer is not yet at the threshold for doing business in that trade, and therefore is not an ordinary or necessary part of conducting that business. Upward-bound or new-trade expenses are those "which will lead to qualifying him in a new trade or business." *Id.* at (b)(3). That type of education acts as an entry-level education for that new field and is therefore nondeductible for the same reasons as the minimum-education qualification. Treasury Regulation section 1.162-5(b)(1) provides that those types of educational expenditures "are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures." Treas Reg 1.162-5(b)(1). Under IRC section 262 no deduction shall be allowed for personal living or family expenses." IRC § 262(a). The education expense must still be proven to be an ordinary and necessary business expense by either maintaining current skills or be expressly required by an employer. To deduct education for meeting a requirement by an employer the expense must be for a "bona fide business purpose" and be obtained for the purpose of retention of a job. Treas Reg 1.162-5(c)(2). The expense can also only be for the "minimum education" to retain the job, although further education could be deductible as maintaining or improving the skills of the employee. *Id.* In order to claim the expense as

maintaining or improving skills the expenditure must be for those skills required by an individual "in his employment." *Id.*

1.      *Minimum education*

The minimum educational requirement for different occupations varies, but Treasury Regulation 1.162-5 has specific conditions for "qualification * * * in an educational institution." Treas Reg 1.162-5(b)(2)(ii). There are two methods of determining the minimum requirement for educational institutions. First is the number of college hours set out by "the applicable laws or regulations, in effect at the time this individual is first employed in such position." *Id*. If the first method is not determinable, then the second method to determine the minimum educational requirement for a position is when an individual is "considered to have met the minimum educational requirements for qualification in that position when he becomes a member of the faculty of the educational institution." *Id*. The determination of whether an individual is a member of faculty is made on the "basis of the particular practices of the institution." *Id*. However there are three factors set out to clarify that determination. The three factors are tenure, a retirement plan, and a faculty vote.

In *Jungreis v. Comm'r,* 55 TC 581 (1970), the court held that the permanency of the position at the education institution also determines what minimum educational requirement must be met. In that case, the plaintiff was a graduate student and held a temporary position as a teaching assistant while working on his doctorate "in order to qualify for a permanent position as a regular full-time college teacher." *Id*. at 591. The court determined that the "position" for measuring the minimum education necessary to claim business education expenses while working at an educational facility "is a permanent position on the faculty of the institution."

/ / /

*Id.* at 589. A temporary position cannot be the "position" for which the minimum education is required.

The facts in this case closely resemble the *Jungreis* case fact pattern. Here, Wood holds a temporary position as an adjunct professor, hired on a class by class basis. She is also seeking a higher degree in order to find permanent work as a college or university professor. Her minimum education requirement is measured by the permanent position she has or is seeking. Since she has no permanent position, her minimum education requirement is based on a permanent college professor position. Wood argues that her previous employment should be taken into account for meeting the minimum education requirement. However, she was relieved of her position because she failed to meet the education requirement of that institution for a permanent position, and was not employed in that position for any part of the year in question. Because Wood's current position is not a tenure, or permanent, position or on tenure track, and she did not testify as to whether her employer supplies her with a retirement plan, or whether she has a voice in faculty matters, the court must conclude she is not currently a member of the faculty at her educational institution. Because she is not a "member of the faculty" pursuant to any of the factors set out in Treas Reg 1.162-5(b)(2) and she has not met the "normal requirement," of having a PhD for the permanent position she is seeking, she has not met the minimum education requirement for such a position and therefore her education expenses are nondeductible.

2.    *New trade or business*

Treasury Regulation 1.162-5 states that education expenses made as part of a program of education that will "lead to qualifying him in a new trade or business" are nondeductible. Treas Reg 1.162-5(b)(3)(i). However in the case of an employee "a change of duties does not

constitute a new trade or business if the new duties involve the same general type of work * * *." *Id.* Because teaching is a specialized field, the law states that "all teaching and related duties shall be considered to involve the same general type of work" for the purpose of establishing if there is a change to a new trade or business. *Id.* Wood's teaching subject is education and is likely to continue at the same level of education, the university. Wood's education would not qualify her for a new trade or business as she would still be a teacher and continue to have the same duties, and even remain teaching at the same level of education.

Defendant argues that Wood's time unemployed was long enough to cause any new employment to be a new trade. The court disagrees. Deductions for education expenses have been allowed when a taxpayer temporarily stops engaging in their trade or business. (*See* Rev Rul 68-591). "Temporary" in this setting is defined as one year or less, but has been extended to up to five years when the taxpayer is actively looking for work during part of that time period. Each case must be decided "on the basis of its own facts." *Picknally v. Comm'r* 36 TCM (CCH) 1292 (1977). Wood has been teaching at a university level for many years. Wood has and continues to be in the business of teaching and her education would not lead her to a new trade or business. Additionally, during the time she did not work she actively looked for work within her trade, signed up for substitute teaching, and taught for a few days during that time period. However, the expenses of that education are still nondeductible because they do not meet the minimum requirement for her intended position in her trade.

B.    *Teaching Expenses*

Wood asserts that she is entitled to a deduction of her research expenses because she is a professor. The Internal Revenue Service has determined that certain costs incurred by professors "for the purpose of teaching, lecturing, or writing and publishing in his area of competence"

should be deductible because they are expected and necessary for someone in such a position. Rev Rul 63-275. Those costs include research expenses, traveling expenses related to that research, preparing and publishing "a manuscript." *Id.* However the "responsibility rests with each professor to show that the amounts claimed are reasonable in relation to the research performed and that the research is in his area" of expertise. *Id.*

In this case, Wood has not substantiated expenses she claims in relation to her research for a teaching position. Wood did not testify about what specific research expenses she incurred nor did she submit documentation specifically for research deductions. Deductions Wood claimed for research are denied for lack of substantiation. IRC § 274(d).

C. *Specific Expenses*

Wood has claimed deductions for expenses related to her education, teaching, and job searching during the 2011 tax year. Defendant claims that those expenses are not properly substantiated and nondeductible.

1. *Supplies*

In order to prove that an item is deductible, it must be substantiated beyond a preponderance of the evidence and either reasonably related to a research expense under Revenue Ruling 63-275 or be determined the expenses are "ordinary and necessary" under Treasury Regulation 1.162. "Receipts without supporting evidence to link the expense to the investment activity is insufficient" to substantiate the expense is for business purposes. *Engel v. Dept. of Rev.*, TC-MD 110807D, WL 541520 at *5 (2012).

Wood's original claim for those expenses was denied because she had not submitted proof of the expenses. She has now submitted a large collection of receipts and a brief expenditure report that merely labels each receipt with career, teaching, office, Doc Work, or

some combination of those labels. Defendant has recognized that tax preparation and career searching expenses are allowable. There is no indication on the receipts marked for multiple purposes as to what percentage of the total receipt expense is for each purpose. All supply expenses related to her education are personal because the education is nondeductible. This court has long determined receipts alone are not enough and, although the Wood has submitted a report as to the purpose of the purchases, it is not complete enough to claim all the expenses. Receipts marked for multiple purposes that include a nondeductible type of expense and those receipts not marked with a purpose are nondeductible because the receipt cannot substantiate if items within the total can be deducted. Wood's office supply expenses are nondeductible because the court cannot determine from her records whether the supplies were for her home office, which is nondeductible, or mainly for teaching purposes. Plaintiff submitted receipts for teaching supplies, tax supplies, career search supplies, and multi-purpose labeled expenses that include a combination of those three types of expenses. The court is persuaded that those are teaching related expenses and allows a deduction in the amount of $283.74.

        2.    *Travel expenses*

"Only such travelling expenses as are reasonable and necessary in the conduct of the taxpayer's business and directly attributable to it may be deducted." Treas Reg 1.162-2(a). However, there is a specific allowance for deductible education if "an individual travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible." Treas Reg 1.162-5(e). Under IRC section 274(d), a taxpayer must substantiate a claimed expense with adequate records to determine the amount, time, place, and business purpose of each expense. Treas Reg 1.274-5T(b). IRC section 274 directs that substantiation requirement

on section 280F(d)(4)(A)(i) listed property which includes "any passenger automobile." IRC § 280F(d)(4)(A)(i), (v). "If the trip is primarily personal in nature, the traveling expenses to and from the destination are not deductible, even though the taxpayer engages in business activities * * *." Treas Reg 1.162-2(b)(1). Mere "[c]ommuters' fares are not considered as business expenses and are not deductible." *Id.* at (e).

Wood has claimed mileage to and from OSU, where she is studying for her PhD, as deductible as part of her education expense. However, Wood's education expenses have already been denied as nondeductible. Thus, Wood's mileage claim cannot be deducted as a part of her education expenses, because her reason for traveling to OSU was "primarily for education."

3.      *Conventions*

"Expenses paid or incurred by a taxpayer in attending a convention or other meeting may constitute an ordinary and necessary business expense under section 162 depending upon the facts and circumstances of each case." Treas Reg 1.162-2(d). "The allowance of deductions for such expenses will depend on whether there is a sufficient relationship between the taxpayer's trade or business and his attendance at the convention * * *." *Id.*

Wood sought deductions for $325 for conferences and workshops she attended. The expenses may be deductible as an "ordinary and necessary" business expense if there is a "sufficient relationship" to Wood's business of teaching. The organizations that put on those conventions all seem to be related to the field of teaching. In addition, Defendant testified that those conferences are possibly deductible career search expenses. Both Plaintiff and Defendant support the conclusion that the conferences Wood attended are sufficiently related to the business of teaching. The court finds those conferences are an "ordinary and necessary" business expense and $325 is deductible.

4. *Proof reading*

Under Rev Rul 63-275, certain costs for professors, by virtue of their profession, can be deducted, including those for "preparing a manuscript" and publishing it. Rev Rul 63-275. However, the costs must be reasonable and the research must be in the same "general field in which the professor is performing services as an educator." *Id.*

Wood provided invoices for two payments of proof reading and a bank statement for the expense of a third, each for $50. Wood testified that she utilized the proof reader for her doctoral work and for an academic paper she wrote. The academic article expenses are those "incurred in preparing a manuscript" and could be deducted if it is within Plaintiff's "general field." However, doctoral work is not for the purpose of producing a manuscript, but is required by Wood's program of study and therefore a personal expense. None of the documents she submitted stated the purpose for the expenditure. Based upon Wood's documentation and testimony, it is reasonable to believe that at least one payment was incurred for the purpose of writing an academic article, but there is no testimony or documentation to indicate the general field of that article or if it had any relation to her teaching field. Wood has failed to substantiate her claimed expenses for proof reading to the extent necessary for a deduction.

5. *Home office*

Under IRC section 280A, deductions of costs of a taxpayer's residence are generally prohibited. However, if the specific portion of the residence that is deducted is "exclusively used" regularly as the taxpayers "principal place of business" it is then deductible. IRC § 280A(c)(1)(A). "An employee is entitled to a home office deduction only if such an office is required for the employer's convenience." *Kraus v. Comm'r,* 85 TCM (CCH) 750, WL 76111 at *7 (2003) (citing *Frankel v. Comm'r*, 82 TC 318, 325-26 (1984)).

Wood has admitted that her home office is for her own convenience and not required by her employer. Additionally, she admitted to using her home office for research on her doctoral studies, which is a personal expense. She has used her home office for both personal and professional use, therefore, that portion of her residence is not "exclusively used" for work purposes and may not be deducted.

6.      *Cell phone*

Under IRC section 274(d), a taxpayer must substantiate a claimed expense with adequate records to determine the "amount, time, place, and business purpose" of each expense. Treas Reg 1.274-5T(b). IRC section 274 directs that substantiation requirement on specific listed property that includes any cellular telephone. *See Ferrington v. Dept. of Rev. (Ferrington)*, TC-MD 130349D, WL 1670032 at *7 (2014). Plaintiff provided printouts of her monthly charges. She has not designated what portion of the expenditure is for work or personal use, only her total monthly costs. Wood testified that the cell phone was for both her personal use and for work. Wood states that she finds a cell phone necessary to give her students the education they deserve. She is not required by her employer to utilize her cell phone. Wood has failed to provide adequate substantiation of what portion of her cell phone service was used for employment-related use, producing only a statement of total monthly costs for all uses. Her cell phone expenses are not documented to provide a basis to claim a portion as a business rather than personal expense. Without documented business use of Plaintiff's cell phone, she is not entitled to "convert an otherwise personal expense into a business expense." *Ferrington*, WL 1670032 at *7 (quoting *Kessler v. Comm'r* 49 TCM (CCH) 1565 (1985)). Plaintiff's deduction for cell phone use is denied for lack of substantiation.

/ / /

7.     *Internet services*

In order to prove a business expense from an item or service that has dual personal and business uses, there must be sufficient evidence of how much business use causes the expense. This court has previously determined that the level of evidence needed specific to internet service charges is the demonstration of "both actual payment of internet charges, and the proportionate business use of that service." *Ferrington*, WL 1670032 at *7.

Plaintiff provided printouts of her monthly total bills with only one month showing a specific expense indicated for a movie rented for "teaching research" for $4.99. There is insufficient evidence to determine what portion of her internet, cable, and home phone expenses, which are bundled into her total bill, are used for business use. Plaintiff has failed to sufficiently substantiate her business expense claim for internet services and therefore only $4.99 is deductible.

### III.  CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiff is not entitled to an ordinary and necessary business deduction for costs incurred to meet the minimum education requirements of her trade or business. Plaintiff is not entitled to deduct costs incurred for the purpose of moving from a temporary position to becoming a permanent staff member at an educational institution.

The court also concludes that Plaintiff has successfully substantiated some of her claimed employment-related business and job search expenses, but not all deductions that she claimed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of Defendant's denial of claimed deductions for business related expenses, including her doctoral studies expenses,

research and education supplies, mileage, other business expenses including cell phone, internet services, other travel expenses, a home office, and proof reading expense for tax year 2011, is denied.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct career search, tax preparation, and teaching supply expenses of $283.74 for tax year 2011.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct $325.00 for expenses related to attending job search related conventions during tax year 2011.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct $4.99 in internet charges related to research for her teaching position.

Dated this ____ day of June 2016.

RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.***

***This document was filed and entered on June 3, 2016.***